UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCOTT ROBERTS,<br><br>    Petitioner,<br><br>    v.<br><br>J. LIZARRAGA,<br><br>    Respondent. | No. 2:17-cv-2328 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.    Application to Proceed In Forma Pauperis

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee.[1] See 28 U.S.C. §§ 1914(a); 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the petition.

////

////

---

[1] Petitioner submitted a letter stating that he did pay the filing fee. ECF No. 3 at 2. However, the documentation he provided shows that the fee paid was in 2015 (id. at 3-4), most likely in his 2015 case challenging his underlying conviction. It appears that petitioner attempted to file the instant petition in his 2015 case (ECF No. 1 at 1), but it was opened as a separate action, which would account for his confusion as to whether the fee had been paid.

1

II.     Petitioner's Allegations

Petitioner challenges the August 4, 2017 decision by the Board of Parole Hearings (Board), denying him early parole under Proposition 57. ECF No. 1 at 3-9, 12-13. He asserts that his due process rights were violated when the Board denied him parole based on false or inaccurate information, looked at old violations and offenses, and did not properly consider the mitigating factors he presented. Id. at 3-9.

III.    Discussion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

It appears the petition is wholly unexhausted. The petition affirmatively states that petitioner has exhausted his administrative remedies with the Board and that his next step is the superior court. ECF No. 1 at 10. A search of the California Supreme Court's website also shows that petitioner has not filed a petition in that court since 2014, indicating that he has not presented the instant claims to that court. Petitioner will not be given the opportunity to move for a stay and abeyance to allow him to exhaust his state remedies because, as discussed below, the petition also fails to state a cognizable claim.

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and should be dismissed.

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Id. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1979). Cooke, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).

Petitioner does not allege that he was denied an opportunity to be heard or a statement of the reasons why parole was denied,[3] and the Ninth Circuit has acknowledged that after Cooke, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Therefore, petitioner's challenge to the denial of parole is not cognizable.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. This court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

---

[3] The petition and attached documents show that petitioner was given an opportunity to submit a statement regarding why he should be released and would not pose a risk of violence (ECF No. 1 at 21), that he provided a statement and evidence demonstrating his suitability (id. at 7), and that he was provided a statement of why parole was denied (id. at 12-13).

after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2017.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE